**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **BRIAN LEON HAMLET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:08-1194** |
| | ) | |
| **STATE OF WEST VIRGINIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 16, 2008, Plaintiff, acting *pro se*[1] and formerly in confinement at the Huttonsville Correctional Center, in Huttonsville, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 1.) Plaintiff names the following as Defendants: (1) State of West Virginia Attorney General; (2) Detective T.A. Bailey; (3) Princeton Police Department Chief; and (4) City of Princeton.[2] (Id., p. 4.) Plaintiff alleges that the above Defendants violated his constitutional rights by conducting a body cavity search following his arrest on August 25, 2005. (Id., pp. 4 - 9.) As relief, Plaintiff requests "15 million dollars." (Id., p. 11.)

By Order entered on October 28, 2011, the undersigned determined that an updated Application to Proceed *in Forma Pauperis* was required based upon Plaintiff's release from custody. (Document No. 5.); See DeBlasio v. Gilmore, 315 F.3d 396 (4th Cir. 2003). Accordingly, the undersigned ordered that "Plaintiff shall either pay the $350 filing fee or file an updated Application

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that the City of Princeton is not a "person" as required by Section 1983.

to Proceed *in Forma Pauperis* by Friday, November 11, 2011." (<u>Id.</u>) The undersigned further

notified Plaintiff as follows:

> Failure of the Plaintiff to either pay the filing fee or file an updated Application to
> Proceed *in Forma Pauperis* by November 11, 2011, will result in a recommendation
> of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal
> Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the
> Southern District of West Virginia.

(<u>Id.</u>) Plaintiff has not responded to the Court's Order that was entered more than a month ago.

Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute

this action, and therefore, Plaintiff's Complaint in this case should be dismissed.[3]

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local

Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[4] <u>See</u> <u>Link</u>

<u>v. Wabash Railroad Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal
issues have been adjudicated or have become moot, or that the parties have shown

---

[3]  The Court notes that Plaintiff has initiated two prior actions in this Court: (1) *Hamlet v.
State of West Virginia, et al.*, Civil Action No. 1:06-0057; and (2) *Hamlet v. State of West Virginia,
et al.*, Civil Action No. 1:06-0181.

[4]  Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to
> comply with these rules or any order of court, a defendant may move to dismiss the
> action or any claim against it. Unless the dismissal order states otherwise, a dismissal
> under this subdivision (b) and any dismissal not under this rule - - except one for lack
> of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates
> as an adjudication on the merits.

no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendants have not been required to make an appearance in this action.[5] Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Order directing him to either to pay the requisite $350.00 filing fee in full or to file an updated Application to Proceed *in Forma Pauperis* (Document No. 5.) Plaintiff,

---

[5] According to the West Virginia Division of Corrections' Inmate Locator, Plaintiff has been released from custody. It is Plaintiff's responsibility to provide the Court with a notice of change of address. *See* Rule 83.5 of the Local Rules of Civil Procedure("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.")

therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered more than a month ago advising Plaintiff that the undersigned would recommend dismissal if Plaintiff failed pay the filing fee or file an updated Application to Proceed *in Forma Pauperis* (Document No. 5.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.[6]

---

[6] Notwithstanding the foregoing, the undersigned will briefly consider the timeliness of Plaintiff's Complaint. A Plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." *McCausland v. Mason County Bd. of Ed.*, 649 F.2d 278 (4th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation for a personal injury claim is two years from the time the cause of action accrued. *See W.Va. Code* § 55-2-12(b). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. *See Brooks v. City of Winston-Salem, NC*, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, MD House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 116 S.Ct. 1273,

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

134 L.Ed.2d 219 (1996)(*citing United States v. Kubrick*, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" *Nasim*, 64 F.3d at 955 (*quoting*, *Childers Oil Co., Inc. v. Exxon Corp.*, 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Nasim*, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" *Brooks*, 85 F.3d at 181 (citations omitted).

Plaintiff asserts in his Complaint that he was subjected to an unreasonable search of his person on August 25, 2005, in violation of his due process rights and right to be free from cruel and unusual punishment. Thus, the Court will apply the West Virginia limitation on personal injury actions. By applying the West Virginia two-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action would have expired on August 25, 2007, two-years from the date Plaintiff was subjected to the allegedly unreasonable search. Plaintiff filed his Complaint on October 16, 2008. Accordingly, Plaintiff's claim that his constitutional rights were violated by the unreasonable search is untimely.

5

       Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

       The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

       Date: December 16, 2011.

R. Clarke VanDervort
United States Magistrate Judge